**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 10-3024-01-CR-S-RED |
| | ) | |
| **RODNEY LAMONT PHILLIPS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Now before the Court is Defendant's Motion to Suppress Evidence with Supporting Suggestions (Doc. 15), the Government's Response to Defendant's Motion to Suppress Evidence (Doc. 16), and the Report and Recommendation of United States Magistrate Judge (Doc. 24). Also before the Court is Defendant's Exceptions to the Report and Recommendation Denying the Motion to Suppress Evidence (Doc. 29). After careful and independent review of the Motion to Suppress, the Government's response, the Report and Recommendation, and the Exceptions, this Court agrees with and **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Doc. 27) in full and further **DENIES** Defendant's Motion to Suppress Evidence with Supporting Suggestions for the additional reasons stated below.

Defendant, in addition to reiterating arguments made in his Motion to Suppress, also raises new arguments in his Exceptions to the Report and Recommendation. Defendant alleges the traffic stop was unconstitutional because Officer Christian Conrad's mistaken belief that Defendant was unlawfully driving the vehicle without any license plates was not objectively reasonable. Specifically, Defendant argues Conrad did not adequately investigate the temporary tag displayed on the vehicle before and during the stop, and Conrad's testimony concerning his observations

before and during the stop was not credible. Finally, Defendant argues the continuation of the traffic stop constituted an illegal seizure because once Conrad was made aware or should have been aware of the temporary tag on Defendant's vehicle, Conrad should have ended the stop. Upon consideration of Defendants Exceptions to the Report and Recommendation Denying the Motion to Suppress Evidence, the Court finds that Defendant's Motion to Suppress should be denied.

Defendant first argues Conrad's mistake that Defendant was unlawfully driving his vehicle without license plates was not objectively reasonable. "Whether probable cause exists for a traffic stop is judged by whether any mistake, whether of law or fact, is objectively reasonable." *United States v. Harris*, No. 09-3060, 2010 WL 3075689, at *1 (8th Cir. 2010). Conrad, while driving in his patrol vehicle on March 10, 2010, observed that Defendant's vehicle did not have a license plate on the front or the back of the vehicle, but failed to observe a temporary tag on Defendant's vehicle. Both vehicles were traveling in opposite directions. When Conrad turned around and began heading in the direction of Defendant, Defendant pulled into a convenience store parking lot. Conrad entered the parking lot and found Defendant already outside of his vehicle.

According to Defendant, Conrad's mistake about Defendant's vehicle not complying with Missouri law requiring license plates or a temporary tag to be displayed on the vehicle was not objectively reasonable because Conrad did not investigate this issue before he stopped Defendant. Also, according to Defendant, Conrad's mistake was not objectively reasonable where he failed look for a temporary tag immediately after he stopped Defendant's vehicle. However, under the circumstances, the Court finds any mistake made by Conrad was objectively reasonable. By the time Conrad turned his vehicle around to further investigate Defendant's vehicle, Defendant had entered a convenience store parking lot. When Conrad pulled into the parking lot, Defendant was

already outside of his vehicle. Thus, it was reasonable for Conrad to initiate contact with Defendant before checking the vehicle for a temporary tag. Additionally, within seconds of Conrad stopping Defendant, Defendant admitted his driver's license was revoked, giving Conrad reasonable suspicion to prolong the stop. *United States v. Gallardo*, 495 F.3d 982, 985 (8th Cir. 2007). Finally, the Court finds nothing in the record that undermines the credibility of Conrad's testimony, and therefore finds the initial stop was constitutional.

Because the initial stop was lawful, Conrad's inquiry about Defendant's driver's license was permissible. Conrad's request for "identification was reasonably related to...explaining the lack of license plates. *United States v. Clayborn*, 339 F.3d 700, 702 (8th Cir. 2003). Although Defendant argues the traffic stop concluded, or should have concluded, after Conrad was aware of the temporary tag, it is clear that Conrad was permitted to ask Defendant for his driver's license as part of his initial investigation.

In *Clayborn*, detective Lee Hall stopped the defendant Clayborn because Hall did not observe license plates on Clayborn's vehicle. *Id*. At 701. Clayborn explained to Hall that he had just purchased the car and he had a temporary tag on the vehicle. After Hall was informed of the temporary tag, he proceeded to ask for Clayton's driver's license, registration and insurance information. *Id*. On appeal, the Eighth Circuit rejected Clayborn's argument that once Hall was made aware of the temporary tag, the traffic stop should have concluded and Hall was not permitted to ask for Clayborn's driver's license and other information. *Id*. The Court determined that "Hall's request for Clayborn's registration papers and identification was reasonably related to confirming the vehicles's registration status and explaining the lack of license plates." *Id*. at 702. In light of *Clayborn*, it is clear Officer Conrad was permitted, as part of the initial traffic stop, to ask for

3

Defendant's driver's license.

Therefore, for the reasons set forth in the Report and Recommendation, and for the reasons set forth above, the Court **DENIES** Defendant's Motion to Suppress (Doc. 15).

**IT IS SO ORDERED.**

DATED: October 5, 2010 */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT